# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| Jeffrey R. Gasick, | ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 07-1063 |
| The City of Peoria, Illinois, a municipal corporation, acting by and through its zoning board of appeals and board members Edward Barry, Ernestine Jackson, Frank Ierulli, Charles Weaver and Karen Ratledge, said board members in their individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This zoning variance case is before the Court on the motions to dismiss by Defendant City of Peoria (d/e 3) and by the named defendants in their individual and official capacities (d/e 23). For the reasons below, the Court recommends dismissal of Plaintiff's procedural due process claim. The Court otherwise recommends denial of the motions to dismiss.

## Standard

Fed. R. Civ. P. 8(a) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Factual allegations in the complaint as accepted as true, viewing those facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004). The Supreme Court recently stated in an antitrust case that, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . .a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . ."[1] Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

---

[1] Before Bell, the standard set forth by courts allowed dismissal "'only if . . . clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Vincent v. City Colleges of Chicago, 485 F.3d 919 (7th Cir. 2007)("the possibility that facts to be adduced later, and consistent with the complaint, could prove the claim, is enough for the litigation to move forward."). Bell has no effect on the outcome here, as Plaintiff already clearly alleges the facts he believes gives rise to his procedural due process claim.

**Allegations and Background**

Plaintiff's residence is located at the end of a dead-end street with no cul-de-sac. Plaintiff's existing driveway is a downward, narrow slope, leading at a right angle with the street to Plaintiff's garage. This situation makes backing a vehicle out of the garage difficult and unsafe. Additionally, the lack of turn-around and the presence of a fire hydrant significantly limits available on-street parking. (d/e 1, attachment "D").

On July 6, 2005, Plaintiff applied for a variance of his front yard setback. Plaintiff sought to add a concrete pad at the top of his driveway, in order to provide space to turn around, and also to provide a parking space. The proposed extension would have ameliorated the lack of street parking and made backing out of his garage easier and safer. The home's location on the lot, along with the lot's topography and dimensions, make the driveway extension necessary.

On August 10, 2006, the Zoning Board of Appeals for the City of Peoria (the "ZBA") heard Plaintiff's application. Five ZBA members were present and intending to vote on the application when the hearing started: Defendants Barry, Jackson, Ierulli, Weaver and Ratledge.[2] However,

---

[2] Another member came late and recused himself from the voting.

Defendant Ierulli left the hearing before the vote was held. The remaining four members voted on Plaintiff's variance without Ierulli: two voted for the variance and two against. Because the vote was a tie, Plaintiff's variance was denied.

Plaintiff later learned through discussions with Defendant Ierulli that Ierulli would have voted for the variance had he been present for the vote. Plaintiff tried unsuccessfully to have Ierulli's vote counted. Had Plaintiff known Ierulli would leave before the voting, Plaintiff would have requested a continuance of the hearing.

Plaintiff filed this case on March 21, 2007, alleging a violation of his Constitutional rights to due process and equal protection. He seeks a declaratory judgment, an injunction (an order requiring the ZBA to grant the variance) and compensatory damages. Plaintiff also filed a complaint for Administrative Review in Circuit Court (d/e 4, attachment), which Plaintiff represents has been stayed pending the outcome of this case (d/e 5, p.1).

## Analysis

### I.   Procedural Due Process

"Procedural due process claims require a two-step analysis. The first step requires us to determine whether the plaintiff has been deprived of a

protected interest; the second requires a determination of what process is due." Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). Defendant does not dispute that Plaintiff has a constitutionally-protected property interest in the use of his property, so the Court assumes such an interest for purposes of this recommendation. See also River Park, 23 F.3d at 166 (acknowledging that landowner has property interest in use of land). Thus, the focus is on what process was due before the Board denied Plaintiff's variance request.

Plaintiff's procedural due process claim is based exclusively on the ZBA's voting procedure. Plaintiff contends that he "was denied the fair hearing component of procedural due process by *changing the burden of persuasion after the hearing began.*"[3]  (d/e 5, p. 5; ; d/e 1 ¶ 23)(emphasis in

---

[3]According to the City's zoning ordinance section 2.5, the Zoning Board of Appeals is:

> (1) . . . comprised of seven (7) members. A quorum of four (4) members is necessary, in order to conduct business. Any decision of the Zoning Board of Appeals shall be based on an affirmative vote of those members voting.
>
> (2) The Zoning Board of Appeals may adopt its own procedures; however, in order to vote, a member of the Zoning Board of Appeals must be in attendance of the proceedings subject to the vote.

The ZBA must give notice of and hold public hearings on applications for major zoning variances and may not grant variances without specific factual findings. Peoria City Zoning Ordinance Sections 2.1d(4)-5. A

original). That is, the burden of persuasion was 60% with Defendant Ierulli (three out of five members to convince), and 75% without Ierulli (three out of four members to convince). Id. Had Ierulli's vote counted, Plaintiff would have won his variance. Plaintiff argues "it is both possible and practical for the ZBA to adopt a rule that avoids the procedural due process claim of altering the burden of persuasion after a hearing process had begun." (d/e 5, p. 6). Plaintiff asserts that the process due includes some undefined procedure to ensure a "true vote." (d/e _ p. 3)("Altering the true vote is the antithesis of a 'fair process of decision making.'").

"Federal Courts are not boards of zoning appeals." River Park, Inc. V. City of Highland Park, 23 F.3d 164,165 (1994). "[T]he procedures 'due' in zoning cases are minimal." River Park, Inc.,, 23 F.3d at 166 (7th Cir. 1994). Only "scant process" is due. Id. at 167. In fact, zoning decisions may be entrusted to legislative bodies or put to popular vote with no hearing. Indiana Land Co., LLC v. City of Greenwood, 378 F.3d 705, 710 (7th Cir. 2004); River Park, 23 F.3d at 166. Since "the idea in zoning cases is that the due process clause permits municipalities to use political methods to decide, . . . the only procedural rules at stake are those local

---

decision by the ZBA is a final administrative determination. Peoria City Zoning Ordinance Section 2.13e.

law provides, and these rules must be vindicated in local courts." River Park, 23 F.3d at 167. Local law provides the process due, not the federal courts. Plaintiff's procedural due process is the procedure established by Illinois and municipal law: notice and a public hearing before the ZBA, followed by administrative review in circuit court. *See* Behavioral Institute of Indiana, LLC v. Hobart City of Common Council, 406 F.3d 926, 931 (7th Cir. 2005)("River Park has nothing to do with exhaustion of remedies, but is a decision on the merits . . .").[4][5]

Thus, the procedural due process clause does not prohibit the ZBA from refusing to count Ierulli's vote *in absentia* or require the ZBA to ensure that Plaintiff's "burden of persuasion" does not change during the hearing. Those procedural determinations are left to local, not federal law. "Federal Courts are not boards of zoning appeals" nor drafters of municipal zoning procedures and rules. None of the cases cited by Plaintiff in support of his

---

[4] If Plaintiff were asserting a substantive due process claim or a takings claim, those claims would be subject to exhaustion requirements. Forseth v. Village of Sussex, 199 F.3d 363 (7th Cir. 2000)(substantive due process and takings claims regarding land use were subject to ripeness requirements); Doherty, 75 F.3d at 325 (for substantive due process claim, plaintiff must also show separate constitutional violation or inadequacy of state remedies).

[5] Defendant is not challenging an unauthorized or random deprivation of his property, so Parratt and other cases addressing post-deprivation procedures for such unforeseeable events are inapplicable. Here, the ZBA members followed normal procedures (or their official interpretation thereof).

claim deal with the voting procedures used by decisionmakers or with zoning decisions.

The case cited by Defendants, <u>Indiana Land Co. LLC v. City of Greenwood</u>, 378 F.3d 705 (7th Cir. 2004), lends support to this conclusion, though it dealt with a zoning decision made by a legislative body. In <u>Indiana Land Co.</u>, a real estate developer challenged a city council's requirement of a two-thirds vote requirement for approving the developer's application, rather than the simple majority vote required by state law. The Seventh Circuit acknowledged that procedural due process is generally not due where zoning decisions are entrusted to legislative bodies. However, the Court also recognized that the developer, as the sole firm affected by the legislative decision, might have a decent argument that he *was* entitled to some sort of procedural due process. However, the Court then concluded the developer *had* received all the process due:

> How much stronger [plaintiff's argument for due process rights is] we needn't decide in this case. The plaintiff had ample notice of the City Council's consideration of its application, and two hearings at which to present its case . . . True, the plaintiff may not have known . . . that the two-thirds requirement would be sprung on it. But the validity of the requirement was not an issue going to the merits of the application. It was merely an internal procedural rule, and it seems to us-we cannot find a case on the point-that due process does not require a judicial or legislative body to disclose its rules for voting, as long as those

> rules don't themselves violate due process. No doubt the more a party knows about his tribunal the better able he is to present his case, but we cannot find a stopping point to the principle that the plaintiff is urging-must the Supreme Court disclose that it takes only four votes to grant certiorari, and must this court disclose the identity of the members of its panels before the day of argument?

378 F.3d 710-711.

As in <u>Indiana Land Co.</u>, Plaintiff had notice and an opportunity to present his case at a hearing. Also as in <u>Indiana Land Co</u>., Ierulli's leaving and lack of vote was "sprung" on Plaintiff, in the sense that Plaintiff was unaware that Ierulli would leave before the vote and/or that Ierulli's vote would not be permitted to count *in absentia*. No doubt Plaintiff would have preferred to have Ierulli remain for the vote or, at least, to be advised before the hearing that Ierulli would not be voting. That knowledge might have given Plaintiff an opportunity to refocus his argument to the voting four, or perhaps to obtain a continuance. Yet, as in <u>Indiana Land Co.</u>, an unanticipated change in the burden of persuasion simply does not implicate the procedural due process clause. The change in the burden of persuasion did not affect Plaintiff's opportunity to be heard in a meaningful manner, from a Constitutional perspective.

## II. Equal Protection

Plaintiff appears to assert a "class of one" equal protection claim. To succeed, he must how that he was "(1) . . . intentionally treated differently from others similarly situated; and (2) there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus'" toward him." Maulding Development, LLC v. City of Springfield, Illinois, 453 F.3d 967, 970 (7th Cir. 2006); Vision Church v. Village of Long Grove, 468 F.3d 975, 1002 (7th Cir. 2006)(same).

Plaintiff alleges that Defendants are enforcing the zoning ordinance more strictly against Plaintiff than against owners of a neighboring property. (d/e 1, para. 29). It appears from the attachments to the Complaint that the owners of the neighboring property have paved part of their front yard (without obtaining a variance) and have placed a basketball hoop there, in violation of the same setback requirement under which Plaintiff's variance was denied. (d/e 1, Ex. J). Plaintiff asserts that neighboring property received a "moratorium on strict enforcement of the zoning uses" while his property received no such moratorium.[6]

---

[6] It appears the proposed "moratorium" regards placement of the basketball hoop, not the yard setback requirement, but the Court accepts Plaintiff's characterization for purposes of this Recommendation (d/e 1, Ex. I).

The City contends that Plaintiff has failed to state an equal protection claim because his "allegations fail to establish that Plaintiff was similarly situated with [his neighbor]." (d/e 4, p. 7).[7] Defendant points out that the properties are not similarly situated since the neighbor's pavement is a *fait accompli*, and, in any event, the ZBA has not indicated that it will not enforce the setback rules against the neighboring property.[8]

The City makes good points, but the Court agrees with Plaintiff that the City's arguments go to whether Plaintiff can prove his equal protection claim, not to whether he states a claim under 12(b)(6). The cases cited by the City involving "similarly situated" determinations were all decided on summary judgment or trial. In the Court's opinion, Plaintiff has not pled himself out of court, and he has given notice of the facts upon which his equal protection claim rests. Accordingly, the Court does not believe the equal protection claim should be dismissed for failure to state a claim.

---

[7]The named defendants move only for dismissal of Count I, the procedural due process claim.

[8]An e-mail attached to the Complaint suggests that the City in fact does have a problem with the neighbor's pavement of part of the front yard for a play area (d/e 1, Ex. I).

## III. Judicial Immunity

The named defendants (Barry, Jackson, Ierulli, Weaver and Ratledge) assert an additional grounds for dismissal of the procedural due process claim in their individual capacities–quasi-judicial immunity. As the Court is already recommending dismissal of the procedural due process claim, it is unnecessary to address quasi-judicial immunity. These defendants do not move to dismiss the equal protection claim on these grounds. In any event, in the Court's opinion, the factual contours of the equal protection claim are not sufficiently defined to make a recommendation on quasi-judicial immunity.[9]

## IV. Defendant Ierulli

Defendant Ierulli moves his dismissal in his individual capacity. He argues that he was not acting under color of state law when he left the hearing, because his leaving was not in discharge of his duties as a ZBa member. He further argues that he did not violate Plaintiff's constitutional rights by leaving the hearing before the vote. Ierulli's arguments go to the

---

[9] If the equal protection claim is based solely on the denial of Plaintiff's application by the Zoning Board of Appeals, quasi-judicial immunity may apply, particularly given that the Board's decision is reviewable in state court. See, e.g., Dotzel v. Ashbridge, 438 F.3d 320 (3d Cir. 2006)(township supervisors entitled to quasi-judicial immunity for denying application to conduct gravel pit). However, the factual basis of the equal protection claim is murky and, in any event, a ruling on quasi-judicial immunity deserves more thorough briefing.

Plaintiff's procedural due process claim.  As the Court is already recommending dismissal of that claim, these additional arguments need not be addressed.  And, for the reasons above, the Court believes dismissal of Ierulli on the equal protection claim would be premature, even if he had made the argument.

V.   Official Capacity

Defendants assert that naming them in their official capacities is redundant of the claim against the City.  Plaintiff counters that Defendants have not admitted that they *do* represent official City policy.  He argues he will be left without a remedy if Defendants are dismissed in their official capacities.

"Official capacity suits are actions against the government entity of which the official is a part." Sanville v. McCaughtry, 266 F.3d 724, 732-33 (7th Cir. 2001).  Administration of the City's zoning ordinances "is  . . . vested in seven (7) entities of the government of the City of Peoria," including the Zoning Board of Appeals.  Peoria Zoning Ordinance § 2.1e.  It does appear, then, that Defendants in their official capacities as ZBA members represent the ZBA, which itself is synonymous with the City of Peoria.  Plaintiff seems to concede this in his Complaint caption, which

states the City, "act[s] by and through its zoning board of appeals."

However, Plaintiff expresses concern about obtaining injunctive relief if Defendants are dismissed in their official capacities. Defendants do not address whether the ZBA is a necessary defendant, in addition to the City, for purposes of obtaining that injunctive relief. The Court believes dismissing Defendants in their official capacities would be premature without further clarification.

WHEREFORE, the Court RECOMMENDS that the motions to dismiss be granted in part and denied in part (d/e's 3, 23). The Court recommends that Plaintiff's procedural due process claim be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Court otherwise recommends the motions be denied.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:        June 27, 2007

                                    s/ Byron G. Cudmore
                              _____
                                    BYRON G. CUDMORE
                            UNITED STATES MAGISTRATE JUDGE