UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JEFFREY R. GASICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-cv-1063 |
| THE CITY OF PEORIA, ILLINOIS, et al., | ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Magistrate Judge Cudmore's Report and Recommendation addressing Defendants' Motions to Dismiss [Docs. 3 and 23]. Both Plaintiff and Defendants have filed objections. For the reasons that follow, Judge Cudmore's Recommendation is ADOPTED.

**BACKGROUND**

This case centers around two non-descript concrete slabs. In the Complaint against the City of Peoria, its Zoning Board, and the members of the Zoning Board, Plaintiff alleges that he has been discriminated against and denied due process in his request for a zoning variance for an extension of the driveway in front of his house.

Plaintiff originally sought a variance of a 25 foot setback requirement for residential houses in his neighborhood. His application was heard by the Zoning Board on August 10, 2006. Five board members heard Plaintiff's application; however, one board member left prior to the vote on the application. Of the remaining four, two voted for the variance and two voted against: as Plaintiff did not receive a majority of the vote, his application was denied.

Plaintiff alleges that this procedure violated his due process rights by "changing the burden of persuasion after the hearing began." Plaintiff next alleges that his equal protection

rights were violated.  To support this claim, he alleges that a neighbor was allowed to keep a concrete pad, which violates ordinances, by petitioning the Mayor.  Plaintiff seeks an injunction compelling the Zoning Board to approve his application and damages that are based on the "difference between market value [of the property] with and without the proposed driveway expansion" (in addition to attorney fees and costs).

Defendants filed motions to dismiss in which they argued that while Plaintiff may have an interest in his property, he has no due process right to have his application decided by a simple majority.  Defendants next argue that Plaintiff has an adequate state law remedy in the form of state judicial review pursuant to Illinois law.  Defendants also argue that inclusion of the board members of the Zoning Board is duplicative and that they are otherwise immune from suit.  Finally, Defendants argue, among other things, that Plaintiff's equal protection argument fails because he cannot present a person who is similarly situated.

## DISCUSSION

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which "specific written objection has been made." Fed.R.Civ.Pro. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.  However, the Court emphasizes that Rule 72(b) contemplates "<u>specific</u>, written objections to the proposed findings and recommendations [of the magistrate judge]." Id. (emphasis added).  Judge Cudmore recommended that the motions to dismiss be granted in part and denied in part.  Judge Cudmore specifically recommended that only Plaintiff's due process claim be dismissed.  Plaintiff objects and argues that he has stated a due process claim.  Defendants only object to Judge Cudmore's recommendation that their Motion to Dismiss be denied with respect to

Plaintiff's equal protection claim.    As these are the only objections, this Court ADOPTS Judge Cudmore's recommendation denying Defendants' motion to dismiss with respect to quasi-judicial immunity and Plaintiff's official capacity allegations.

## STANDARD

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view a complaint in a light most favorable to the plaintiff.  Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995).  The Court must accept all well-pleaded factual allegations and draw all reasonable inferences from those facts in favor of the plaintiff.  Richards v. Kiernan, 461 F.3d 880, 882 (7th Cir. 2006).   A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses.  Massey v. Merrill Lynch and Co., Inc., 464 F.3d 642, 650 (7th Cir. 2006).  However, a plaintiff must "provide the grounds of his entitlement to relief" that are "more than labels and conclusion [] [or] a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) (citations and editing marks omitted).  In particular, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

### Due Process Claim

Plaintiff first alleges that he was denied a fair hearing because the  burden of persuasion changed after the hearing began when one board member left the hearing prior to a vote on the issue.  In stating this claim, Plaintiff alleges that his burden of persuasion changed from a simple majority, 60% or three out of five, to a super majority, 75% or three out of four (Plaintiff needed a majority to agree to the variance).  This change in the burden of persuasion, without prior notice, he alleges, is inherently unfair.  The Court notes that this is the only due process violation Plaintiff is alleging.  It is clear from the Complaint that Plaintiff received a timely hearing on his

request for a variance and was capable, through an attorney, to present his claim for relief before the Zoning Board of Appeal.  It is also clear that Plaintiff was informed of the opportunity to file a civil suit before the state courts if he wished to appeal the decision of the Zoning Board.

In assessing a procedural due process claim, the Court first must determine if Plaintiff has been deprived of a constitutionally protected interest.  McMahon v. Kindlarski, 512 F.3d 983, 987 (7th Cir. 2008).   There is no dispute that Plaintiff has a protected interest in his property.  The next step is to determine what process is due.  Id. at 987-988.  Plaintiff here alleges that he was denied a variance, that is, deprived the use of his property, without due process because of the change in the burden of persuasion.

The Peoria City Zoning Ordinances provide that a quorum of four board members is necessary to conduct business and that a majority vote is necessary for approval of variances.  § 2.5(a)(1). Only board members who are present may vote.  Id. at § 2.5(a)(2).  According to the Complaint, Plaintiff applied for a variance and because it was a "major" variance, was entitled to a hearing before the Zoning Board of Appeals.  According to attachments to the Complaint, Plaintiff was allowed to present testimony, answer questions, and make closing remarks.

As Judge Cudmore pointed out, federal courts do not sit as zoning boards of appeal. River Park, Inc. v.  Cit of Highland Park, 23 F.3d 164, 165 (7th Cir. 1994).  As Judge Cudmore also pointed out, the amount of process due in a zoning matter is minimal.  Id. at 166 (citing Eastlake v. Forest City Enterprises, Inc., 426 U.S. 668 (1976)).  In this case, it is apparent from the Complaint that Plaintiff received a sufficient amount of process: a hearing and an opportunity to present his argument.  That Plaintiff did not receive a hearing before a *specific* odd number of board members does not, in this Court's opinion, violate the due process clause.  At most, as

4

Plaintiff himself advocates, any such problem with this process can be addressed by a legislative body which could change the voting rules.

In any event, the Court finds Indiana Land Co., LLC v. City of Greenwood, 378 F.3d 705 (7th Cir. 2004), instructive. In that case, a developer sought the re-zoning of various land from agricultural use to residential use. The zoning request was initially considered by the City of Greenwood's planning commission which recommended to the City of Greenwood Council, a legislative body, that it turn down the request. Id. at 707. The Council voted 3-3 and the tie was broken by the Mayor who voted for the variance. Id. At that point, the Council raised the claim that a two-thirds majority of the City Council was required to overturn the recommendation of the planning commission. Id. at 707. After further deliberations, the Council held that a two-thirds majority was required in this particular case and that the variance request was properly denied. Plaintiff then sought another hearing and was denied a variance by a 4 to 3 vote of Council members. Plaintiff duly filed a lawsuit claiming violations of its due process rights.

The Seventh Circuit held that "[w]hen zoning decisions are confided to a legislative rather than a judicial body (the City Council of Greenwood is the former), the affected persons have no right to notice and an opportunity for a hearing: no right, in other words, to procedural due process." Id. at 710. The Court went on to state, in dicta, that some process may be due when only a small group or an individual is the target of legislative action. Id. at 710. The Court did not, however, specify what general amount of process was due in the matter, however, because it found that the plaintiff had notice of the City Council's consideration and two hearings at which to present its arguments. Of importance to the case at bar, the Seventh Circuit also stated:

> True, the plaintiff may not have known – this is a disputed matter – that the two-thirds requirement would be sprung on it. But the validity of the requirement was

5

>   not an issue going to the merits of the application. It was merely an internal procedural rule, and it seems to us – we cannot find a case on point – *that due process does not require a judicial or legislative body to disclose its rules for voting, as long as those rules don't themselves violate due process.* No doubt the more a party knows about his tribunal the better able he is to present his case, but we cannot find a stopping point to the principle that the plaintiff is urging – must the Supreme Court disclose that it takes only four votes to grant certiorari, and must this court disclose the identity of the members of its panels before the day of argument? Id. at 710-711 (emphasis added).

Thus, due process does not require even disclosure of voting rules and such rules have no bearing on the merits of an application for a variance.

To be sure, Indiana Land Co., LLC, involved the decision of a legislative body and not the type of quasi-judicial body at issue here. However, the case appears to apply with equal force in light of the judicial aspects of the Council's deliberation and the Seventh Circuit's inclusion of judicial bodies in its analysis. Plaintiff here was given notice of the zoning hearing and an opportunity to be heard and to present his arguments. That he was not entitled to an odd number of board members or entitled to notification that only four board members would vote on his claim, does not offend the due process clause.[1]  Judge Cudmore's recommendation, then, that this claim be dismissed is ADOPTED.

---

[1] Plaintiff's reliance on general expositions of due process requirements and the Illinois Supreme Court's opinion on the matter is not more persuasive to this Court than Seventh Circuit authority. The Court would hasten to add that the Illinois Supreme Court case cited at length in Plaintiff's objection is easily distinguishable on the facts:  that case involved the right to cross-examine witnesses in zoning hearings that are characterized as administrative or quasi-judicial. People v. Village of Lisle, 781 N.E.2d 223, 235 (Ill. 2002). More importantly, the case, nor any case cited by Plaintiff, does not stand for the proposition that a plaintiff is entitled to a simple majority vote on his request for a variance.

6

**Equal Protection Claim**

Plaintiff alleges that he was treated differently than previous owners of his house and his neighbor. With respect to the previous owners, Plaintiff alleges that the original construction of the house was not in accordance with ordinances and that the previous owners, *de facto*, received a variance with respect to the location of the house and original driveway, both located within 25 feet of the street (ordinances, at the time and currently require a 25 foot setback). Plaintiff further compares himself to a neighbor, Quentin Reeves, who erected a basketball hoop and paved his driveway and /or parts of his front lawn with black tarmac. This neighbor, when he received a notice that the area violated the setback requirement (the same one that applies to Plaintiff), availed himself of the political process by contacting Mayor Jim Ardis' office to resolve the issue. From the Complaint, it appears that no further action was taken by the city in enforcing its zoning with respect to Reeves' basketball hoop and tarmac.

A class of one equal protection claim, where there is no allegation that Plaintiff is the part of a suspect class, requires an allegation that Plaintiff "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562,564 (2000). Defendants argue that Plaintiff has pled himself out of court by failing to present a sufficiently similarly situated person.[2] At the summary judgment or trial stage, Plaintiff "bears a very significant burden of offering evidence that other entities are similarly situated in all relevant respects" and must allow a jury to "eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification." RJB Properties, Inc. v. Board of Education of the City of Chicago, 468 F.3d

---

[2] Defendants focus their arguments on Plaintiff's comparison with Reeves. There does not appear to be any argument that the former owners of Plaintiff's house, as identified in paragraph 25 of the Complaint, are *not* similarly situated.

1005, 1010 (quotation marks and citations omitted).  At the pleading stage, however, there is no such requirement that Plaintiff prove that either Reeves or previous owners of his house are in fact similarly situated.  A plaintiff may, however, "plead himself out of court" by alleging facts which show that he has no entitlement to relief.  <u>Vincent v. City Colleges of Chicago</u>, 485 F.3d 919, 923-924 (7th Cir. 2007).  Defendants argue that Plaintiff has done this by presenting Reeves as a comparator.  Defendants state that unlike Plaintiff, Reeves did not seek a variance, he was cited for his failure to comply with zoning laws, he did not seek to extend his driveway, he did not seek relief from the Zoning Board of Appeals, and he availed himself of the political process.  Defendants argue that all of these factors, as alleged in the Complaint, render Plaintiff and Reeves dissimilar in an equal protection analysis.

While discovery may prove that Reeves is not similarly situated, dismissal of the Complaint is not warranted at this stage.  The Seventh Circuit has cautioned that Federal Rule of Civil Procedure 8 requires only notice of the claims against a defendant that would allow him to formulate an answer.  <u>Id.</u>  That Plaintiff in this case added certain facts to his Complaint that may show that he is not similarly situated to Reeves does not necessarily prevent Plaintiff from developing facts that show that there are similarly situated individuals.  In any event, Plaintiff has also indicated that he is similarly situated to previous owners of his house.  There is no argument that Plaintiff has pled himself out of court with respect to those persons.  At this point it would be improvident to parse out and dismiss all persons who may not fit the bill as a similarly situated person.  Such a resolution should be made either at the summary judgment stage or at trial.

## CONCLUSION

For the foregoing reasons, Magistrate Judge Cudmore's recommendation is ADOPTED. Defendants' Motions to Dismiss [Docs. 3 and 23] are GRANTED IN PART and DENIED IN PART. The Motions are GRANTED only with respect to Plaintiff's due process claim which is hereby DISMISSED.

Entered this  13th  day of March, 2008

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                              United States District Judge